IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LLOYD IVY,           )<br>                      )<br>    Plaintiff,     )<br>                      )      CIVIL ACTION NO.<br>    v.                )        2:10cv511-MHT<br>                      )             (WO)<br>BULLOCK COUNTY BOARD OF )<br>EDUCATION,            )<br>                      )<br>    Defendant.        ) | |

OPINION

This case is currently before the court on plaintiff Lloyd Ivy's motion to file amended complaint and defendant Bullock County Board of Education's motion for judgment on the pleadings. For the reasons that follow, Ivy's motion will be denied, and the school board's motion will be granted.

I. BACKGROUND

Ivy filed this lawsuit on June 14, 2010, alleging that his employer, the Bullock County Board of Education, retaliated against him in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17.  On March 18, 2011, the school board filed a motion for judgment on the pleadings, stating that Ivy had failed to allege a valid Title VII retaliation claim because he had not shown that he had engaged in any statutorily protected activity.

Ivy filed a brief in opposition to the school board's motion for judgment on the pleadings, as well as a motion to amend his complaint.  In both documents, he acknowledged that his original complaint failed to include a claim under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621-634, but asked that he now be allowed to do so. He states that he has a valid ADEA claim because he was 60 years old when the school board hired someone much younger and less experienced than he as the head football coach.

The school board opposes Ivy's motion to amend, because it was filed on April 11, 2011, while the

deadline for amended pleadings in this case was October 1, 2010.  <u>See</u> Scheduling Order (Doc. No. 12).  The school board argues that allowing Ivy to amend his complaint at this late date would unduly prejudice it because the amended complaint "sets forth an entirely different jurisdiction and different theories of liability" than did the original complaint.  Resp. at 5 (Doc. No. 30).


II.  MOTION TO AMEND COMPLAINT

In his motion to amend, Ivy focuses on Federal Rule of Civil Procedure 15, which states that, "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, when a party seeks leave to amend after the scheduling-order deadline, Rule 15 no longer controls; instead, the court should be guided by Rule 16, which states that, "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Therefore, when a party seeks leave to amend out of time, he must

show good cause for the late request. Angiolillo v. Collier County, 394 Fed. Appx. 609, 611 (11th Cir. 2010) ("Angiolillo filed his motion for leave to amend on June 11, 2009, nearly four months after the court's deadline. Therefore, Rule 16(b)'s good cause requirement governed the court's decision whether to grant Angiolillo's motion for leave to amend."); see also Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (stating that, "because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).") (citation omitted). If the court failed to require good cause and instead considered only Rule 15, it "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Id.

In this case, Ivy has not provided good cause for his failure to state his claim correctly in his original

4

complaint and for not seeking to correct that failure until six months after the scheduling-order deadline. There are no newly discovered facts that led to Ivy's amended complaint. Indeed, Ivy's original charge with the Equal Employment Opportunity Commission included the fact that he was over 40 and the person hired instead of him was much younger. See Pl.'s Appendix 1 (Doc. No. 24-1). Therefore, "the information supporting the proposed amendment to the complaint was available to [Ivy] even before [he] filed suit." Sosa, 133 F.3d at 1419; see also Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999); Jameson v. Arrow Co., 75 F.3d 1528, 1535 (11th Cir. 1996). In an on-the-record conference call held by the court, the only excuse given by Ivy's counsel for the delay in amending his complaint was that the failure to include an ADEA claim in the original complaint was "an error" and "an oversight." Error and oversight recognized six months too late do not amount to

5

"good cause."  Therefore, Ivy's motion to amend his complaint will be denied.

### III.  MOTION FOR JUDGMENT ON THE PLEADINGS

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). In the same conference call discussed earlier, Ivy's counsel conceded that, if the court did not permit him to amend his complaint, his original complaint would not stand because it does not allege a valid retaliation claim under Title VII.  Thus, there are no material facts in dispute, and the school board's motion for judgment on the pleadings should be granted.

***

Accordingly, an appropriate judgment will be entered denying Ivy's motion to amend the pleadings and granting

the Bullock County Board of Education's motion for judgment on the pleadings.

DONE, this the 12th day of August, 2011.

                                              /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE